### DICKINSON v. EARLE et al.

(Supreme Court, Appellate Division, First Department. November 25, 1898.)

1. ASSIGNMENTS FOR CREDITORS—APPOINTMENT OF RECEIVER.

A receiver will be appointed to manage hotels, part of an assigned estate, where all the claims against the assigned estate, except that of the assignee for services, have been settled, and he makes no effort to manage the hotels, and does not apply for leave to do so.

2. SAME—ELIGIBILITY OF ASSIGNOR.

An assignor for creditors is not, as such, ineligible to an appointment as receiver to manage hotels that are a part of the assigned estate.

3. SAME.

Where it is necessary to appoint a receiver to manage summer hotels, which are a part of an estate assigned for creditors, the assignee should be required to surrender possession for the summer season only, and for the sole purpose of conducting the hotel business.

4. SAME—INJUNCTION.

Where all the claims of an assigned estate have been settled except that of the assignee for his services, it is proper to enjoin him from selling valuable land forming a part of the assigned estate, though he has once advertised it for sale, and has withdrawn the advertisement before a motion for such injunction is made.

Van Brunt, P. J., dissenting.

Appeal from special term.

Action by Charles E. Dickinson, as assignee for creditors of the estate of Eugene M. Earle and others, against Eugene M. Earle and others, for the settlement of accounts as assignee. From an order appointing a receiver and restraining plaintiff from selling or interfering with the property assigned, he appeals. Modified.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, McLAUGHLIN, and INGRAHAM, JJ.

H. D. Luce (C. A. Collin, of counsel), for appellant.
E. Crandall, for respondents.

O'BRIEN, J. As this appeal comes before us, there is presented only a question between an assignor and an assignee for the benefit of creditors. It is made to appear that a large and valuable hotel property at Richfield Springs is, or is claimed to be, part of the assigned estate. It is shown that all the debts of the assignors mentioned in the schedules are paid or compromised, or that the creditors have consented to the restoration of the assigned estate to the assignors. The assignee, notwithstanding that situation, declined to deliver the property to the assignors, claiming that he is entitled to retain it until his fees are paid and his accounts settled. He brought this action for the settlement of his accounts, alleging in his complaint that the assignors entered into an agreement or arrangement with their creditors, by the terms of which the creditors, respectively, agreed to accept one-half of their indebtedness in money, and the balance by notes, in consideration of which said money and notes the said several creditors agreed to assign and transfer their said indebtedness to one of the defendants, which arrangement has been carried out, and the said several creditors have either received their pay in full, or have assigned their said claims to one of the defendants, who now claims to own or hold the same as a charge against the assignors. It therefore appears by the plaintiff's own statement that, so far as creditors are concerned, his duties as assignee have ended. In the answer of the defendants, and in affidavits produced upon the hearing in the court below, it was shown that the assignee had advertised the hotel property for sale; but it also appears that before this motion was made the notice of sale was withdrawn. It further appeared that the assignee was authorized by the court to open the hotel, and carry on business therein during the summer of 1897, and that a large profit accrued therefrom. It was also shown that it

was advisable to open the hotel, and carry on the business through the summer of 1898.   On those principal facts this motion was made by the assignors to enjoin the assignee from selling the hotel property, and also to compel him to turn over and reconvey to Eugene M. Earle, one of the assignors, all of the assigned estate upon such terms and conditions as to the court might seem proper, and for the removal of the assignee from his position as such, and for further relief.   The court below ordered that an injunction issue restraining the assignee from selling the property above mentioned, and further directing him to turn over, transfer, and deliver all the Richfield Springs property to Eugene M. Earle, who was appointed a receiver of such property, on giving security; and the assignee was directed to turn over to him also all the books and papers relating to such property, or used in the conduct of the business of the hotel.

By the plaintiff's own statement in his complaint, it is shown that his trusteeship survives only for the assignors, but he cannot be compelled to surrender his legal title to the property under the assignment until his accounts are passed, and his claims against the property for commissions settled and determined.   The order below virtually destroys his legal title, and to that extent is wrong.   But a state of facts is exhibited upon the record conclusively showing that under the relations existing between the assignors and assignee great waste of property and loss to the assignors would have accrued unless the court took charge of the property pending suit, and allowed the business of the hotel as a summer resort to be carried on and continued during the season of 1898.   The motion was made that the property be delivered into the hands of the assignors.   That could not be done in such way as to prejudice the assignee's title, but, as there was no application made by him to run the hotel during the summer of 1898, as no steps were taken by him to utilize the property, as no one was really interested in it but the assignors and the assignee to the extent of his commission, and as it was necessary to protect both the assignors' interest and the title of the assignee, the device was resorted to of appointing the assignor Eugene M. Earle a receiver directly responsible to the court, and he was to be let into the possession of the property pending the suit, and be accountable in the proper way for his administration of it.   The case was, therefore, presented of property brought within the control of the court, and in which property, apart from the lien or claim of the assignee for commissions, no one was interested except the assignors; all the creditors secured by the assignment being satisfied or consenting to the assignor resuming possession.   It is perfectly manifest that, under such circumstances, to save the loss which would result from the nonuse of the property and its deterioration, it was competent for the court to appoint some one to conduct the hotel business, which the assignee made no effort and asked no permission to carry on.   It cannot be doubted that under such circumstances the court had power to appoint a receiver.   The property was in danger; great loss was to be apprehended; and it was within the jurisdiction and control of the court.   It is not a valid objection that the assignor Eugene M. Earle was made such receiver.   He gave adequate se-

curity. It is in accordance with the usual practice where there is a contest between parties concerning a going business, and it has been the custom in this district in cases of litigations between co-partners, to appoint one of them a receiver to wind up or carry on the business. From this assignor's antecedent relations to the hotel, his experience and knowledge as a hotel proprietor, he was a proper person to appoint. But as the order appealed from was made, it was entirely too broad. The court should merely have appointed Eugene M. Earle receiver to carry on the business of the hotel for the summer of 1898, and directed that the assignee let him into possession of the property for that purpose, and no other, and that he account to the receiver for his administration. The order should be modified in that regard.

Concerning the injunction, we think it was properly issued. It is clear that the assignee had undertaken to sell the property. Although he withdrew the advertisement of sale, as he says, there was nothing to prevent his readvertising it; and to guard against his so doing an injunction was proper.

The order appealed from should be modified as above suggested, and, as modified, affirmed, without costs. All concur, except VAN BRUNT, P. J., dissenting.

VAN BRUNT, P. J. (dissenting). In January, 1897, the defendants Eugene M. Earle and William Pitt Earle, as co-partners, and the said Eugene M. Earle individually, duly executed to the plaintiff, as assignee, an assignment of all their property for the benefit of creditors. The assignee duly accepted the trust, and entered upon its duties. The plaintiff, as such assignee, acquired title to certain hotels in the village of Richfield Springs, which were incumbered by mortgages to a very considerable amount. He also, under such assignment, became the owner of the interest of the defendant Eugene M. Earle in certain real estate in the city of New York, of considerable value. This was also incumbered by certain liens or assignments as security for loans made to the defendant. During the summer of 1897 the assignee, under permission of the court, opened hotels for the entertainment of guests, producing a profit over and above expenses. With the view of converting the assigned property into cash, the plaintiff applied, in January of this year, for an order permitting the sale of all the assets of the estate, and an order was subsequently granted under which the sale of the property in this city was advertised for the 24th of March, 1898, and of the Richfield property for the 29th of March, 1898. A compromise was thereupon effected, by which all the creditors with the exception of five assigned their claims to May S. Earle, the wife of Eugene M. Earle. These five and the said May S. Earle have given directions in writing to the plaintiff, as assignee, to reconvey all the assigned estate to said Eugene M. Earle, subject to such liens as existed thereon at the time of the execution of the general assignment. It is claimed by the defendants that before the composition was effected Eugene M. Earle explained to the assignee the arrangement he had in view, and the assignee approved of it, professing a willingness to restore the prop-

erty as soon as it could be restored with safety. Application being made to the plaintiff, he refused to reconvey the property. He, however, abandoned the sale of the property, and commenced this action on or about the 5th of April, 1898, for the settlement of his accounts as assignee. The defendants put in an answer, whereby they applied for an affirmative judgment removing the plaintiff as assignee, restraining him from selling any part of the assigned estate, and directing the return and reconveyance of the said estate, subject to such liens as are now thereon, upon such terms as the court should direct, and that the plaintiff account. The defendants thereupon moved for an injunction against the plaintiff from selling or advertising for sale any of the assigned property, or from in any manner interfering with the property, or from hindering, delaying, or impeding the said Eugene M. Earle in the management and care of the assigned estate, or in his proceedings to open the hotels. Upon the hearing of the injunction the motion was granted, and said Eugene M. Earle was appointed receiver of the property in question. There is nothing in the papers upon which this motion was granted which would justify the court in a removal of the assignee from his position. He was entitled to a possession of the property until the final settlement of his accounts. He had brought an action for that purpose, and those amounts might have been easily and quickly settled if the defendants had shown a disposition to aid in attaining that result. The assignee had a right, under his deed of assignment, to retain possession of the property until by legal proceedings his accounts were settled, and he was paid the amount due to him; and then only was he bound to transfer. It is not so clearly apparent from the papers submitted upon this motion that the plaintiff has made such improper and unfounded claims against this property as would justify his being removed as assignee in this summary manner, because the appointment of a receiver under the circumstances amounts to a removal of the assignee from the position which he was entitled to hold. It further appears that at the time of the putting in of the answer he had abandoned all idea of selling the property, and there was no necessity for the obtaining of an injunction to restrain an act which was not threatened to be committed.

It seems to me that the order was improper, and should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs to abide the event.